*1266 OPINION.
Arundell:
The stipulated facts disclose that petitioner, a majority stockholder of Frank E. Best, Inc., in order to provide that corporation with operating capital, appointed it his agent to sell a portion of his stock, with the understanding that it would be allowed a selling commission of 20 per cent on all stock sold and that he would loan the remainder to the corporation, the loans to be evidenced by demand promissory notes payable out of corporate profits. Under this agreement a portion of petitioner’s stock was sold during 1923 to third parties for an amount, after paying a selling commission of 20 per cent, equal to $86,067.18. This sum was actually received by the corporation in 1923 as agent for petitioner and was placed to the credit of petitioner on the corporate books. We are asked to say that the amount so received and credited should not be treated as taxable income to petitioner in 1923 because he had agreed that the net proceeds of the stock sales should be loaned to the corporation and repaid only out of its earnings. But the sales out of which the profit arose were not to the corporation, but to outsiders, who paid cash, and it is this amount so paid which it is sought to tax and which the statute designates as income.
*1267 It is urged that the entire transaction was one conceived and carried out for the purpose of furnishing money to Frank E. Best, Inc., to operate on; that it should be viewed as a sale of the stock to the corporation, payable out of its profits, if any, and as no money was actually received in 1923 by the petitioner in payment for his stock and his right to receive any amount was indefinite and contingent, there was no income realized. The facts which have been stipulated do not permit us to treat the transaction in the manner urged. The stock, as already stated, was not sold to the corporation, but through it, as agent of petitioner, to third parties. The transaction was planned and carried out in the manner in which it was because of advice of counsel that under the laws of Washington the corporation might not purchase its own stock. Receipt of the purchase price of the stock by the agent was receipt by the principal and the mere fact that the money was not delivered into the possession of petitioner before being loaned to the corporation does not take the case out of the rule. In 1923 the cash had been received for the stock and loaned to the corporation and the profit is taxable to petitioner in that year. Maryland Casualty Co. v. United States, 251 U. S. 342; Julia A. Strauss, 2 B. T. A. 598; F. H. Wilson, 12 B. T. A. 403.

Decision will be entered for the respondent.